IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case 25-CR-259-MLG |
| | ) | |
| **NEILL ELSMAN**, | ) | |
| | ) | |
| Defendant. | ) | |

**REQUEST FOR LEAVE TO APPEAR
VIRTUALLY AT STATUS HEARING**

Defendant Neill Elsman hereby asks this Court for an order allowing his defense counsel to appear virtually at the forthcoming May 20, 2026 Status Hearing. As grounds in support of this motion, defense counsel submits the following:

Defense Counsel's office is in Phoenix, Arizona, and he became licensed to practice in the U.S. District Court for the District of New Mexico in 2013. Counsel has represented Mr. Elsman since January 2024 related to a large-scale, highly publicized public corruption investigation led by the U.S. Department of Justice. On February 12, 2025, Mr. Elsman waived his right to indictment and pleaded guilty to an Information subject to terms of a Plea Agreement. ECF Nos. 2, 4-5.

Before producing discovery, the government obtained on February 11, 2026, a protective order related to usage and sharing of said discovery. ECF 12. Counsel received the first batch of discovery on April 14, 2026. Subsequent productions from the government arrived on April 22 and 27, 2026, and May 1, 2026. Counsel anticipates that discovery will measure far more than 100,000 pages (or page-equivalent items), and perhaps more than 160,000.

Mr. Elsman has not yet been interviewed by U.S. Probation in preparation for the Presentence Report. Counsel cannot predict when such interview will take place, though he will participate in Mr. Elsman's interview.

Counsel has a hearing in Tucson, Arizona on May 19, 2026, at 10 am, in *State of Arizona v. Timothy Barker*, CR20254838, before the Pima County Superior Court. Undersigned is lead counsel in that case, which involves a legally-represented accuser and numerous expert witnesses. Counsel anticipates discussing a number of substantive and scheduling concerns as the case was recently "remanded" for a re-presentation to grand jury, and the accuser's legal counsel has urged that Court to advance the matter to trial.

On May 20, 2026, Counsel has a morning hearing in Phoenix, Arizona in *State of Arizona v. Desire Rusingizwa*, CR2025-006771-002, before the Maricopa County Superior Court. Undersigned is sole counsel for the lead defendant in an indictment charging 22 co-defendants with 51 counts as part of a large-scale healthcare fraud allegation. The matter coincides with a separate criminal forfeiture litigation before the Maricopa County Superior Court. Although the morning docket begins at 8:30 AM Arizona time, the Court has historically waited until all defense counsel are present before calling the matter, often after 9 am or 930 am. Because New Mexico is one hour ahead of Arizona, undersigned counsel anticipates leaving Court around or after 10 AM Arizona time, which is 11 AM in New Mexico.

The *Elsman* status conference is scheduled for 2 pm on May 20 before this Court. In Counsel's estimate, it is impossible to cover the *Rusingizwa* matter—regardless of how punctually it begins—and still travel to Albuquerque to appear in person for the *Elsman* status conference. However, counsel can be available by video or phone.

Moreover, Counsel anticipates that any explanation to help the Court predict the likely timeline in this matter, or information about the volume and pace of discovery, will be provided

almost entirely by government counsel. Should counsel be permitted to virtually appear it will not negatively impact the effectiveness of the status conference.

Because counsel cannot physically travel between Court appearances in time to appear at both, extraordinary circumstances exist to permit him to virtually appear. While the Court could alternatively continue the status conference, given undersigned counsel's role in updating the Court, there is no compelling reason to postpone the hearing given that a virtual appearance by counsel would not reduce the effectiveness of the conference for the Court.

WHEREFORE, the Defendant, Neill Elsman, asks this Court for an order allowing his defense counsel to appear virtually at the May 20, 2026 Status Conference.

Respectfully Submitted,

/s/ Shaheen P. Torgoley
Ryan Rapp Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012

3

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on this 8th day of May, 2026, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shana B. Long
Assistant United States Attorney
United States Attorney's Office-Albuquerque, NM

Katherine L. Lewis
Assistant United States Attorney
United States Attorney's Office-Albuquerque, NM

*/s/ Marla Rodriguez*